

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00076-CR

JAMELL DONNIELL BROOKS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. 51,604-A

Before Morriss, C.J., Carter and Moseley, JJ.

ORDER

Jamell Donniell Brooks appeals from his conviction of aggravated assault on a public servant with a deadly weapon. Brooks has filed a motion to abate the appeal in which he asks this Court to remand the matter to the trial court for the entry of findings of fact and conclusions of law regarding the voluntariness of his September 12, 2011, statement to a Wichita Falls Police Department detective. Brooks filed a pretrial motion in the trial court seeking suppression of the statement claiming that it was not voluntarily made. At the close of the hearing on that motion, the trial court made the following ruling on the record, "Based on the testimony before the Court, I find that the statement was voluntarily given." No findings of fact or conclusions of law were entered by the trial court.

Article 38.22, Section 6 of the Texas Code of Criminal Procedure states, in pertinent part,

In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.

TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6 (West 2012).

Because the requirements of Article 38.22, Section 6 of the Texas Code of Criminal Procedure were not met in this case, we abate this appeal and remand it to the trial court. *See* TEX. R. APP. P. 44.4. The trial court is instructed to enter an order stating its conclusion as to whether Brooks' September 12, 2011, statement was voluntarily made and detailing the specific

2

findings of fact on which that conclusion was based.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6.

The order shall be filed with this Court in the form of a supplemental clerk's record within twenty-one days of the date of this order.

The abatement will terminate and this Court's jurisdiction will resume on the filing of the supplemental clerk's record.

All appellate timetables are hereby stayed and will resume on our receipt of the supplemental clerk's record.

IT IS SO ORDERED.

BY THE COURT

Date:   July 9, 2013